**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

**JAMES & HAUGLAND, PC**,

    Plaintiff,

vs.                                            No. Civ. 06-610MCA/LCS

**DARRELL C. SCHRODER**,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

On July 26, 2006, Plaintiff James & Haugland, P.C., ("Plaintiff") filed a Motion to Remand and Brief in Support (Doc. No. 3). Defendant Darrell C. Schroder ("Defendant Schroder") has not filed a response and the time to file a response has run. Having reviewed the submissions of Plaintiff, the relevant law, and otherwise being fully advised in the premises, the Court finds that Plaintiff's motion should be granted for the reasons set forth below. This case will be remanded.

**I.**      **BACKGROUND**

On May 11, 2006, Plaintiff filed suit against Defendant Schroder in the County Court at Law Number Three in El Paso, Texas ("the instant case"). Plaintiff alleges in its complaint that Defendant Schroder owed it attorney's fees and expenses for legal services rendered in a lawsuit ("the foreclosure case") involving an alleged wrongful foreclosure on certain real property owned by Defendant Schroder and located in El Paso, Texas. Plaintiff alleges in its complaint in the instant case that Defendant Schroder owes it $57,193.21 for

services provided under an agreement.  Plaintiff asserts four counts in the instant case:  (1) breach of contract, (2) suit on account, (3) quantum meruit, and (4) equitable subrogation and foreclosure of lien.  Plaintiff also requests costs and attorney's fees arising from the instant case against Defendant Schroder and for pre- and post-judgment interest.

On July 10, 2006, Defendant Schroder filed in this Court a "Petition for Removal and Petition to Join this Suit with Another Suit Alleging Violations of the RICO Act" (hereinafter "Petition").  (Doc. No. 1).  In the Petition, Defendant Schroder alleges that he is a resident of New Mexico and that Plaintiff is a legal firm headquartered and conducting business in El Paso, Texas.  Defendant Schroder moves the Court under 28 U.S.C. § 1441 "to remove this matter to a Federal District Court based on diversity of the parties of the suit initially filed in a County Court of Law in Texas." Petition at 1-2.  Additionally, Defendant Schroder moves the Court to join this case "with another for the convenience of the Court and so as not to waste valuable time by engaging the Court in two or more trials were [sic] one will suffice."  *Id.* at 2.  Defendant Schroder states that he "is in the final stages of preparing a RICO ACT suit related to the above matters to be filed in the 10th US District Court where complainant resides, naming a list of defendants all of whom apparently are residents of Texas."  *Id.* at 4-5.  Defendant Schroder's proposed RICO Act suit that he plans to file appears to be related to allegations of falsification of documents and judicial pressures to silence him "relative to the work product of the El Paso Criminal Law Magistrate Court." *See id.* at 3-4.

On July 26, 2006, Plaintiff filed a Motion to Remand and Brief in Support (Doc. No.

3). Plaintiff argues that removal is improper and the case must be remanded because this is not the proper district for removal of this matter, the Court lacks subject matter jurisdiction, and remand is necessary under 28 U.S.C. § 1367.  In addition, Plaintiff requests attorney's fees and costs under 28 U.S.C. § 1447(c) because Defendant Schroder had no objectively reasonable basis for seeking removal.  Defendant Schroder has not filed a response in opposition to Plaintiff's motion to remand.

## II.   DISCUSSION

### A.   Removal to this Court was Improper

Section 1441 of Title 28 of the United States Code provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, *to the district court of the United States for the district and division embracing the place where such action is pending*.

28 U.S.C. § 1441(a) (emphasis added).  The procedure for removal requires that a defendant desiring removal file a notice of removal "in the district court of the United States for the district and division within which such action is pending." *Id.* § 1446(a).  Federal courts are to strictly construe the removal statutes and to resolve all doubts against removal.  *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).  The removing party bears the burden of establishing the requirements for federal jurisdiction.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Plaintiff filed its complaint in the County Court at Law Number Three in El Paso, Texas.  According to 28 U.S.C. § 1441(a), removal of the case must be "to the district court

of the United States for the district and division embracing the place where such action is pending." The United States District Court for the District of New Mexico is not the district and division embracing County Court at Law Number Three for El Paso, Texas. Defendant Schroder has therefore improperly removed the case to this Court and the case must be remanded. *See* 28 U.S.C. §§ 1441(a), 1446(a); *Unanue-Casal v. Unanue-Casal*, 898 F.2d 839, 842 (1st Cir. 1990) (noting that "the removal statute plainly limits 'removal' to the federal court for the district within which the state action is pending").[1]

### B. Lack of Subject Matter Jurisdiction

Removal is only appropriate if the federal court has original jurisdiction over the case. *See* 28 U.S.C. § 1441(a). In this case, Defendant Schroder alleges in his Petition that removal is based on diversity. Petition at 1-2.

The Constitution provides that the "judicial Power shall extend to . . . Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2. Section 1332 of Title 28 of the United States Code provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — citizens of different States." 28 U.S.C. §

---

[1] Defendant Schroder's Petition also cannot be reasonably construed as a separate and independent complaint against Plaintiff. Although Defendant Schroder alludes to a RICO case that he intends to file, it is clear that Defendant Schroder is not alleging a RICO cause of action in his Petition. Nor has Defendant Schroder alleged any other causes of action in his Petition. Defendant Schroder's Petition can only be reasonably interpreted as a petition for removal of Plaintiff's case and for joinder of Plaintiff's case to a suit that Defendant Schroder had not even filed at the time he filed the Petition. Because this case must be remanded, the Court need not consider Plaintiff's request for joinder.

1332(a). The amount in controversy is ordinarily determined by the allegations of the complaint, or where they are not dispositive, by the allegations in the notice of removal. *Laughlin v. KMart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). The burden is on the party requesting removal to set forth the underlying facts supporting the assertion that the amount in controversy exceeds $75,000. *See id.* Furthermore, there is a presumption against removal jurisdiction. *Id.*

Defendant Schroder has not met his burden of demonstrating that the amount in controversy exceeds $75,000. Plaintiff's complaint repeatedly asserts that the amount of damages it seeks from Defendant Schroder is $57,193.21. Although the complaint also seeks pre- and post-judgment interest as well as costs and attorney's fees[2], the amount in controversy must be $75,000 "exclusive of interest and costs" and Defendant Schroder has not even alleged, much less shown facts to support, that the attorney's fees requested in this case cause the total amount in controversy to exceed $75,000. In fact, Defendant Schroder's Petition seems to concede that the amount in controversy is less than $75,000. Petition at 2 ("this suit is really not about the $57,000 [] allegedly owed to them"). Accordingly, Defendant Schroder has not met his burden to establish diversity jurisdiction in this case. The Court therefore lacks subject matter jurisdiction and the case must be remanded for this

---

[2]The $57,193.21 is for attorney's fees arising from services rendered by Plaintiff in the foreclosure case. Plaintiff also requests additional attorney's fees for the attorney that Plaintiff hired in the instant case to attempt to collect the $57,193.21 in attorney's fees.

additional reason.[3]

### C. Attorney's Fees and Costs

In its motion to remand, Plaintiff also requests fees and costs under 28 U.S.C. § 1447(c). Section 1447(c) provides that an order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Absent unusual circumstances, fees should generally not be awarded when the removing party has an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 708 (2005). The Court finds that this case presents those unusual circumstances in which fees should be awarded. Defendant Schroder's removal of a case filed in county court in El Paso, Texas, to the United States District Court in the District of New Mexico was objectively unreasonable. Moreover, Defendant Schroder did not file a response or otherwise provide the Court with any argument as to why removal of the case was proper or, at least, objectively reasonable. The Court therefore finds that Plaintiff's request for fees and costs under 28 U.S.C. § 1447(c) should be granted for the costs and expenses incurred by Plaintiff in preparing Plaintiff's motion to remand.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. No. 3) is **GRANTED** and this action is hereby **REMANDED** to the County Court at Law Number

---

[3]Moreover, Defendant Schroder's failure to file a response in opposition to the motion to remand constitutes consent to grant the motion. D.N.M.LR-Civ 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").

Three for El Paso, Texas.

**IT IS FURTHER ORDERED** that Plaintiff's request for fees and costs pursuant to 28 U.S.C. § 1447(c) is **GRANTED** for the costs and expenses incurred by Plaintiff in preparing Plaintiff's motion to remand.

**SO ORDERED** this 30th day of November, 2006, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge